In the United States Bankruptcy Court
for the Southern District of Georgia

In the matter of:                    )    Chapter 13 Case
                                     )    Number 16-11203
Jackey Rooks,                        )
                                     )
         Debtor(s)                   )

## CHAPTER 13 PLAN AND MOTION
(General Order 2005-3 Approved Form)

1. Debtor(s) shall pay to the Trustee the sum of $ __495.00 per month__ for the applicable commitment period of:

   _ 60 months: or

   XX minimum of 36 months. Section 1325(b)(4).

   (If applicable include the following): These plan Payments change to $_____ monthly on _____, 20____.

2. From the payments so received, the Trustee shall make disbursements as follows:

   (a) The Trustee percentage fee as set by the United States Trustee.

   (b) Attorney fees allowed pursuant to Section 507(a)(2) of $3,000.00 ____ To be paid in accordance with applicable General Orders of this Court.

   © Other Section 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

   (d) Monthly payments according to the contract on the following long-term debts. Section 1322(b)(5). (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim):

   | CREDITOR | MONTH OF FIRST TRUSTEE PAYMENT | INITIAL MONTHLY PAYMENT |
   |---|---|---|

   IN THE ALTERNATIVE:
   _X_ Debtor will make post-petition payments direct to creditor according to the contract on the following long-term debts:

   | CREDITOR | INITIAL MONTHLY PAYMENT |
   |---|---|
   | Bank of America (HELOC on house in deceased husband's name) | Contract rate** |

   (e) Fully Secured Allowed Claims and Executory Contracts as set forth below:

   | CREDITOR | COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTLY PAYMENT |
   |---|---|---|---|---|
   | Seterus | Real estate | 21,000.00 | 5.875 | 350.00 |

   (f) Undersecured Allowed Claims. Debtor moves to value the collateral partially securing the following claims pursuant to Section 506 and provide payment in satisfaction of those claims as set forth below:

   | CREDITOR | COLLATERAL | VALUATION | INTEREST RATE | MONTHLY PAYMENT |
   |---|---|---|---|---|
   | Stiner Wiggins | judgment lien | 582.00 | 0.00 | 5.00 |

(g) Cure payments on allowed prepetition arrearage claims set forth below. Section 1322(b)(5):

| CREDITOR | ESTIMATED PREPETITION CLAIM |
|---|---|

(h) The following unsecured allowed claims are classified to be at 100% _____ with interest at _____%; _____ without interest.

(i) Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in Paragraph 2 (f) or 6, will be paid a __100__ % dividend or a prorate share of $_____ _____, whichever is greater.

3. Debtor will make Section 1326(a)(1) pre-confirmation lease and adequate protection payments on allowed claims of the following creditors:

_____ Direct to the Creditor; or        _____ to the Trustee

| CREDITOR | AQEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|

4. Debtor will pay all post-petition domestic support obligations direct to the holder of such claim identified here. Section 101(14A). Debtor requests Trustee to provide the statutory notice of Section 1302(d) to these claimants.

| CREDITOR | ADDRESS |
|---|---|

5. Pursuant to 11 U.S.C. Section 522(f), debtor moves to avoid the liens of the following creditors, upon confirmation but subject to Section 349, with respect to the property described below:

| CREDITOR | PROPERTY |
|---|---|

6. The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below:

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

7. Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by Section 1325(a)(5).

8. Other Provisions:   **post petition mortgage payments to be applied to principal reduction, interest, authorized late charges & escrow, if applicable.

9. The amount, and secured or unsecured status, of claims disclosed in this Plan are based upon the Debtor's best estimate and belief. An allowed proof of claim will supercede those estimated claims. Objections to claims may be filed before or after confirmation. Debtor will increase payments in the amount necessary to fund allowed claims as this Plan proposes, after notices from the Trustee and a hearing if necessary, unless a Plan Modification is approved.

DATED 9/2/16                                    X _____ (signature) _____
                                                                  Debtor

_____
                Debtor

*Revised 10/2005*